IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:20-cv-00160-MR

| | |
|---|---|
| JOHN L. GRIFFIN, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| CHRISTOPHER DOVE, ) | ORDER |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1]. Plaintiff is proceeding *in forma pauperis* [Doc. 8].

**I.      BACKGROUND**

*Pro se* incarcerated Plaintiff filed this civil rights suit pursuant to 42 U.S.C. § 1983, addressing an incident that allegedly occurred at Polk Correctional Institution. He names as the sole Defendant Christopher Dove, a correctional sergeant at Polk C.I.

In the Complaint, the Plaintiff alleges that, upon his arrival at Polk C.I. on March 19, 2019, twenty or more correctional officers confronted and threatened him in the receiving area because of something that had allegedly occurred at another camp. Plaintiff alleges that a Sergeant Wilson tried to force Plaintiff into handcuffs which were too tight and cut into Plaintiff's flesh.

Plaintiff alleges that, when he complained about the painful handcuffs, ten correctional officers rushed at him and slammed Plaintiff's face into a wall. Plaintiff alleges that Defendant Dove then punched Plaintiff's eye three times while Plaintiff was handcuffed from behind. Plaintiff was taken to medical with swelling and severe pain to his face and nerve damage to his wrists. Nurse Kilmon asked Plaintiff about his pain level but provided no other care. Plaintiff alleges that the warden sent Plaintiff to Duke Medical Center three days later, where Plaintiff received an MRI that revealed that three bones in his face were broken. Plaintiff alleges that a specialist told him that he is unable to have surgery to correct the broken bones because it would likely result in blindness. Plaintiff seeks damages for his physical and psychological pain.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

2

Case 3:20-cv-00160-MR   Document 10   Filed 09/28/20   Page 2 of 6

In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

As a preliminary matter, Plaintiff mentions several individuals in the Complaint who are not named as Defendants. See Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"); see, e.g., Londeree v. Crutchfield Corp., 68 F.Supp.2d 718 (W.D. Va. Sept. 29, 1999) (granting motion to dismiss for individuals who were not named as defendants in the

compliant but who were served). The allegations against these individuals are nullities and will be dismissed.

The Eighth Amendment prohibits prison officials from unnecessarily and wantonly inflicting pain on prisoners. Hill v. Crum, 727 F.3d 312, 317 (4th Cir. 2013). "An inmate's Eighth Amendment excessive force claim involves both an objective and a subjective component." Brooks v. Johnson, 924 F.3d 104, 112 (4th Cir. 2019). "The objective component asks whether the force applied was sufficiently serious to establish a cause of action." Id. The subjective component "ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Id. at 112-13.

Plaintiff has stated a plausible claim that Defendant Dove used excessive force against him for the purpose of causing harm. Therefore, Plaintiff's excessive force claim against Defendant Dove will be permitted to proceed.

**IV. CONCLUSION**

For the reasons stated herein, the Complaint has passed initial review for the alleged use of excessive force against Defendant Dove. To the extent

4

Case 3:20-cv-00160-MR   Document 10   Filed 09/28/20   Page 4 of 6

that Plaintiff asserts any claims against unnamed Defendants, such claims are dismissed without prejudice.

This Court's Local Rule 4.3 sets forth the procedure to waive service of process for current or former employees of NCDPS in actions filed by North Carolina State prisoners. In light of the Court's determination that this case passes initial review, the Court will order the Clerk of Court to commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendant Dove, who is alleged to be a current or former employee of NCDPS.

**IT IS, THEREFORE, ORDERED** that the Complaint has passed initial review against Defendant Dove.

**IT IS FURTHER ORDERED** that to the extent that Plaintiff asserts any claims against unnamed Defendants, such claims are **DISMISSED WITHOUT PREJUDICE**.

The Clerk of Court is respectfully directed to commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendant Dove, who is alleged to be a current or former employee of NCDPS. The Clerk is further respectfully directed to mail Plaintiff an Opt-In/ Opt-Out form pursuant to the Standing Order in Misc. Case No. 3:19-mc-00060-FDW.

**IT IS SO ORDERED.**  Signed: September 28, 2020

Martin Reidinger
Chief United States District Judge