IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:20-cv-00160-MR

| | | |
|---|---|---|
| JOHN L. GRIFFIN, JR., | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| CHRISTOPHER DOVE, | ) | ORDER |
| Defendant. | ) | |

**THIS MATTER** is before the Court on two *pro se* Letters [Docs. 16, 19] that were docketed as Motions to Appoint Counsel, and a document labeled "Discovery" [Doc. 17], that was docketed as a Motion to Compel.

*Pro se* Plaintiff, who currently is an inmate in custody with the North Carolina Department of Public Safety, has filed this action pursuant to 42 U.S.C. § 1983. The Complaint passed initial review on an excessive force claim against Defendant Dove, who waived service on November 12, 2020. [Docs. 10, 18]. A pretrial scheduling order has not yet been filed.

Plaintiff moves for the appointment of counsel. There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff

who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Plaintiff's Motions seeking the appointment of counsel are moot insofar as Plaintiff has accepted the Court's invitation to seek the appointment of North Carolina Prisoner Legal Services (NCPLS) for purposes of discovery. [See Docs. 10, 15]. The Court will appoint NCPLS to assist Plaintiff with discovery in a pretrial scheduling order after Defendant Dove answers the Complaint. Insofar as Plaintiff requests counsel beyond NCPLS's assistance with discovery, Plaintiff has failed to demonstrate the existence of exceptional circumstances that would warrant such relief.

Attached to Plaintiff's first Motion to Appoint Counsel is a handwritten "Affidavit" in which Plaintiff appears to attempt to add allegations to his excessive force claim. A plaintiff may amend a complaint once as a matter of course within 21 days after serving the complaint, or within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), which is earlier. Fed. R. Civ. P. 15(a)(1). A plaintiff may subsequently amend with permission from the court which "shall be freely granted when justice so requires." Fed. R. Civ. P. 15(a)(2). Piecemeal amendment will not be permitted.

To the extent that Plaintiff's "Affidavit" was intended to serve as a Motion to Amend, it is denied without prejudice. Plaintiff will be provided a

2

Case 3:20-cv-00160-MR   Document 20   Filed 11/23/20   Page 2 of 4

blank § 1983 form so that he may file an Amended Complaint, if he so desires, subject to all applicable timeliness and procedural requirements.

Plaintiff's Motion to Compel appears to be a premature discovery request that has been misdirected to the Court.[1] See Fed. R. Civ. P. 26(c) (as a general matter, a party must make initial disclosures at or within 14 days after the parties Rule 26(f) conference); LCvR 26.1 ("Official Court-ordered and enforceable discovery does not commence until issuance of the scheduling order."); LCvR 26.2 ("The parties shall not file any initial disclosures, designations of expert witnesses and their reports, discovery requests or responses thereto, deposition transcripts, or other discovery material unless: (1) directed to do so by the Court; (2) such materials are necessary for use in an in-court proceeding; or (3) such materials are filed in support of, or in opposition to, a motion or petition."). The Motion to Compel will therefore be denied. Discovery will commence upon the Court's entry of a pretrial scheduling order.

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's Letter [Doc. 16] is construed as a Motion to Appoint Counsel and Motion to Amend and is **DENIED**.

---

[1] The Motion does not seek leave to engage in early discovery or contain any justification for such a request.

(2) Plaintiff's "Discovery" [Doc. 17] is construed as a Motion to Compel and is **DENIED**.

(3) Plaintiff's Letter [Doc. 19] is construed as a Motion to Appoint Counsel and is **DENIED**.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 complaint form along with a copy of this Order.

**IT IS SO ORDERED**.

Signed: November 23, 2020

Martin Reidinger
Chief United States District Judge