IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:20-cv-00160-MR

| | |
|---|---|
| JOHN L. GRIFFIN, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| CHRISTOPHER DOVE, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the Plaintiff's Amended Complaint [Doc. 21]. Also pending is Defendants'[1] Motion for Extension of Time to Answer or Otherwise Respond to Complaint [Doc. 22]. Plaintiff is proceeding *in forma pauperis* [Doc. 8].

**I. BACKGROUND**

The *pro se* incarcerated Plaintiff filed this civil rights suit pursuant to 42 U.S.C. § 1983 addressing an incident that allegedly occurred at Polk Correctional Institution. The Complaint passed initial review on a claim of excessive force against Defendant Christopher Dove, a correctional sergeant at Polk C.I. [Doc. 10].

---

[1] The Attorney General's Office has filed the Motion on behalf of all Defendants for the limited purpose of the Motion. [Doc. 22 at 1].

In the Amended Complaint, the Plaintiff names as Defendants: Christopher Dove; FNU Chamber, a correctional officer at Polk C.I.; and FNU Wilson, a sergeant at Polk C.I.

Plaintiff alleges that, on April 19, 2019, Defendant Dove punched his face four times, Defendant Chamber "push[ed] Plaintiff['s] head 3 time[s] into the wall," and Defendant Wilson "handcuff[ed] too tight on Plaintiff['s] wrist." [Doc. 21 at 4-5]. As injuries, the Plaintiff alleges that he sustained three broken bones around his eye, that his forehead was swollen, and that his "wrist was cut." [Doc. 21 at 5]. The Plaintiff seeks $100,000.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios.

Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

The Eighth Amendment prohibits prison officials from unnecessarily and wantonly inflicting pain on prisoners. Hill v. Crum, 727 F.3d 312, 317 (4th Cir. 2013). "An inmate's Eighth Amendment excessive force claim involves both an objective and a subjective component." Brooks v. Johnson, 924 F.3d 104, 112 (4th Cir. 2019). "The objective component asks whether the force applied was sufficiently serious to establish a cause of action." Id. The subjective component "ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or

maliciously and sadistically for the very purpose of causing harm." Id. at 112-13.

Plaintiff has stated a plausible claim that Defendants Dove and Chamber used excessive force against him for the purpose of causing harm. However, the Plaintiff has failed to state a plausible excessive force claim against Defendant Wilson. The Plaintiff alleges only that Defendant Wilson placed him in tight handcuffs, resulting in a cut. The Court cannot conclude from these sparse allegations that Defendant Wilson used sufficiently serious force or that Wilson subjectively applied that force sadistically or for the purpose of harming the Plaintiff. Therefore, the excessive force claim has passed initial review against Defendants Dove and Chamber but the claim against Defendant Wilson will be dismissed for failure to state a claim upon which relief can be granted.

## IV. CONCLUSION

For the reasons stated herein, the Amended Complaint has passed initial review for the alleged use of excessive force against Defendants Dove and Chamber, but the claim against Defendant Wilson is dismissed without prejudice.

This Court's Local Rule 4.3 sets forth the procedure to waive service of process for current or former employees of NCDPS in actions filed by

North Carolina State prisoners. In light of the Court's determination that this case passes initial review against Defendants Dove and Chamber, the Court will order the Clerk of Court to commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendant Chamber, who is alleged to be a current or former employee of NCDPS.[2]

The Defendants have filed a Motion for Extension of Time to Answer or Otherwise Respond to Complaint [Doc. 22] so that counsel can investigate the claims and factual allegations to determine whether a defense will be tendered, the appropriate response, and the defenses available to Defendants. The Motion will be granted as to Defendant Dove. However, the Motion is denied as moot as to Defendant Chamber, who has not yet been served, and Defendant Wilson, against whom the Plaintiff has failed to state a claim.

**IT IS, THEREFORE, ORDERED** that the Amended Complaint has passed initial review against Defendants Dove and Chamber. The claim against Defendant Wilson is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Defendants' Motion for Extension of Time to Answer or Otherwise Respond to Complaint [Doc. 22] is

---

[2] Defendant Dove has already waived service. [Doc. 18].

**GRANTED** as to Defendant Dove until March 21, 2021, and is **DENIED** as moot as Defendants Chamber and Wilson.

The Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for **Defendant Chamber**, who is alleged to be a current or former employee of NCDPS.

**IT IS SO ORDERED.**

Signed: January 25, 2021

Martin Reidinger
Chief United States District Judge