IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:20-cv-00160-MR

| | |
|---|---|
| JOHN L. GRIFFIN, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| CHRISTOPHER DOVE, et al., ) | ORDER |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court *sua sponte*.

The *pro se* incarcerated Plaintiff filed this action pursuant to 42 U.S.C. § 1983 while he was incarcerated at the Polk Correctional Institution. [Doc. 1]. A recent mailing to the Plaintiff from the Court was returned as undeliverable, stamped "Return to Sender No Longer Here." [Doc. 41 at 1]. On December 3, 2021, the Plaintiff was granted 10 days within which to update his address of record and inform the Court whether he intends to proceed with this action. [Doc. 44]. He was cautioned that the failure to timely amend the Complaint would result in this action's dismissal without prejudice and without further notice. [Id.].

The Plaintiff has failed to comply with the Court's December 3rd Order, and the time to do so has expired. The Plaintiff appears to have abandoned

this action, and the Court is unable to proceed. This case will therefore be dismissed without prejudice. See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-33 (1962) (although Rule 41(b) does not expressly provide for *sua sponte* dismissal, Rule 41(b) does not imply any such restriction and a court has the inherent power to dismiss a case for lack of prosecution or violation of a court order).

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

The Clerk of Court is respectfully directed to terminate this action.

**IT IS SO ORDERED**.

Signed: January 5, 2022

Martin Reidinger
Chief United States District Judge